# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
### DIVISION

In re:                                          §
                                                §
RUKUJZO, MICHAEL J.                             §        Case No. 11-33042
                                                §
                    Debtor(s)                   §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
   .   The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

Funds were disbursed in the following amounts:

Payments made under an interim
disbursement
Administrative expenses
Bank service fees
Other payments to creditors
Non-estate funds paid to 3rd Parties
Exemptions paid to the debtor
Other payments to the debtor

Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Peter N. Metrou, Trustee _____
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   1

Exhibit A

| | |
|---|---|
| Case No: | 11-33042   BWB   Judge: BRUCE W. BLACK |
| Case Name: | RUKUJZO, MICHAEL J. |
| For Period Ending: | 08/22/12 |

| | |
|---|---|
| Trustee Name: | Peter N. Metrou, Trustee |
| Date Filed (f) or Converted (c): | 08/12/11 (f) |
| 341(a) Meeting Date: | 09/07/11 |
| Claims Bar Date: | 02/28/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined by Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | Property<br>Abandoned<br>OA=554(a) Abandon<br>DA=554(c) Abandon | Sale/Funds<br>Received by<br>the Estate | Asset Fully Administered (FA)/<br>Gross Value of Remaining Assets |
| 1. 24117 Brown Ln., Plainfield, IL Single Family Re | 330,000.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 2. 1601 S. State St., #6E, rental condominium. Prop | 325,000.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 3. Cash In Debtor's possession | 100.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 4. Bank of America, Checking: | 520.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 5. Standard Bank, Checking: | 140.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 6. American Chtd. Bank, Checking | 370.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 7. Bank of America, Checking | 820.00 | Unknown | | 0.00 | Unknown |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 8. PNC Bank, Checking | 135.00 | Unknown | | 0.00 | Unknown |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 9. Southwest Securities, bank account | 420.00 | Unknown | | 0.00 | Unknown |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 10. Misc. items of used household goods and furnishi | 1,250.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 11. Misc. items of used wearing apparel having no kn | 500.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 12. Used PC, printer, camera and misc. sporting equi | 200.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 13. Allstate Life Ins. Co. (universal ins.) no cash | 0.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page:    2

Exhibit A

| Case No: | 11-33042    BWB    Judge: BRUCE W. BLACK | | Trustee Name: | Peter N. Metrou, Trustee |
| Case Name: | RUKUJZO, MICHAEL J. | | Date Filed (f) or Converted (c): | 08/12/11 (f) |
| | | | 341(a) Meeting Date: | 09/07/11 |
| | | | Claims Bar Date: | 02/28/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 14. Americo/Ohio State Ins. (universal ins.), no cas | 0.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 15. IRA: Southwest Securities | 6,475.00 | Unknown | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 16. Southwest Securities, IRA | 25,700.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 17. Financial Networks Group, LLC, an entity in exis | 580.00 | 435.00 | | 0.00 | 580.00 |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 18. MJR Financial, investment company jointly owned | 0.00 | 0.00 | | 0.00 | 0.00 |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 19. Debtor owns 1/3 of 1001 E. Chicago Condo, LLC wh | 100.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 20. Traderight Futures, LLC (TIN 90-0193046), not in | 0.00 | Unknown | | 0.00 | Unknown |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 21. 2003 BMW K5, high milage, in fair/poor condition | 4,500.00 | 0.00 | DA | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 15 | | | | | |
| 22. 2006 Toyota Sienna (u) | 0.00 | 6,000.00 | DA | 6,000.00 | FA |
| Net proceeds for sale of vehicle back to Debtor per court approval. | | | | | |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.03 | Unknown |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $696,810.00 | $6,435.00 | | $6,000.03 | $580.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| | | |
|---|---|---|
| Case No: | 11-33042    BWB    Judge: BRUCE W. BLACK | |
| Case Name: | RUKUJZO, MICHAEL J. | |

| | |
|---|---|
| Trustee Name: | Peter N. Metrou, Trustee |
| Date Filed (f) or Converted (c): | 08/12/11 (f) |
| 341(a) Meeting Date: | 09/07/11 |
| Claims Bar Date: | 02/28/12 |

Initial Projected Date of Final Report (TFR): 12/01/12        Current Projected Date of Final Report (TFR): 12/01/12

Page:    1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 11-33042  -BWB | Trustee Name: | Peter N. Metrou, Trustee |
| Case Name: | RUKUJZO, MICHAEL J. | Bank Name: | The Bank of New York Mellon |
| | | Account Number / CD #: | *******6765  Money Market Account |
| Taxpayer ID No: | *******4008 | | |
| For Period Ending: | 08/22/12 | Blanket Bond (per case limit): | $        0.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | | | 0.00 |
| 12/30/11 | 22 | Marc D. Sherman & Associates, P.C. | Liquidation of Debtor's vehicle not listed on | 6,000.00 | | | | | 6,000.00 |
| | | 3700 W. Devon Avenue, Ste. E | schedules. Sold back to Debtor per Court Order. | | | | | | |
| | | Lincolnwood, IL  69712 | DEPOSIT CHECK #1299 | | | | | | |
| 01/27/12 | INT | The Bank of New York Mellon | INTEREST REC'D FROM BANK | | 0.03 | | | | 6,000.03 |
| 01/27/12 | | Transfer to Acct #*******4059 | Bank Funds Transfer | | | | | -6,000.03 | 0.00 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 6)*

LFORM2X

Ver: 16.06d

Page:   2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: | 11-33042 -BWB | |
| Case Name: | RUKUJZO, MICHAEL J. | |

| | |
|---|---|
| Trustee Name: | Peter N. Metrou, Trustee |
| Bank Name: | Congressional Bank |
| Account Number / CD #: | *******4059  Checking Account |

| | |
|---|---|
| Taxpayer ID No: | *******4008 |
| For Period Ending: | 08/22/12 |

| | |
|---|---|
| Blanket Bond (per case limit): | $      0.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | | | 0.00 |
| 01/27/12 | | Transfer from Acct #*******6765 | Bank Funds Transfer | | | | | 6,000.03 | 6,000.03 |

Ver: 16.06d

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-33042
Case Name: RUKUJZO, MICHAEL J.
Trustee Name: Peter N. Metrou, Trustee

Balance on hand                                    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou, Trustee | $ | $ | $ |
| Trustee Expenses: Peter N. Metrou, Trustee | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance                                         $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid _pro rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Chase Bank USA, N.A. | $ | $ | $ |
| 000002 | American Express Bank, FSB | $ | $ | $ |
| 000003 | American Express Bank, FSB | $ | $ | $ |
| 000004 | May Law PC | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE